IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 5, 2018 Session

## GEORGE FRANKLIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 02-08108-09      Chris Craft, Judge**

_____

### No. W2017-01174-CCA-R3-PC

_____

ROBERT W. WEDEMEYER, J., concurring in part and dissenting in part.

I respectfully disagree with the conclusion by the majority that the Petitioner's trial counsel was effective during the sentencing portion of his representation of the Petitioner, and I would remand the case for resentencing. I concur with the majority opinion pertaining to the alleged *Brady* violation.

Counsel had access to and chose not to present evidence regarding multiple mitigating factors that applied to the Petitioner's case. Ms. Shettles, the mitigation expert, testified at the post-conviction hearing that her investigation, which resulted in a 600 page file, offered evidence to support mitigating factors in non-capital cases. She noted that it showed: the Petitioner had no significant criminal history (especially considering the environment in which he was raised); the crimes were committed while the Petitioner was under the influence of a self-defense or duress type of mental disturbance; the victim participated in the Petitioner's conduct (this being a shoot-out situation); the crimes were committed under circumstances where the Petitioner reasonably believed there was a moral justification; the Petitioner was an accomplice (he was not the shooter); the Petitioner cooperated with authorities and showed remorse; the Petitioner's conduct in jail was exemplary; and the Petitioner had a solid work history.

During the sentencing hearing the trial court stated:

[The Petitioner] had no steady work history, and was in fact a drug dealer, whose last drug deal had caused the shooting death of a three-year-old girl and the shooting of several other people. He had never held a job for more than a few months. His mother testified under cross-examination that she could not recall his ever working except for a couple of months while in Virginia Beach.

The mitigation expert testimony at the post-conviction hearing, which was never presented at sentencing, directly contravenes the trial court's findings at the sentencing hearing regarding the Petitioner's work history.

The post-conviction court, in its order denying the Petitioner relief, referred to "[m]uch of the mitigation prepared for use at the trial in the sentencing phase" as "inadmissible . . . hearsay in the noncapital sentencing hearing." I disagree. Under Tennessee law, while the Tennessee Rules of Evidence apply to sentencing hearing, a trial court *shall* afford the parties at a sentencing hearing the opportunity to be heard and to present evidence relevant to the sentencing. T.C.A. § 40-35-209(b) (2014) (emphasis added); *See also State v. Mounger*, 7 S.W.3d 70, 74 (Tenn. Crim. App. 1999). That statute reads:

> At the sentencing hearing, the court shall afford the parties the opportunity to be heard and present evidence relevant to the sentencing of the defendant and may afford the victim of the offense or the family of the victim the opportunity to testify relevant to the sentencing of the defendant. The court may allow the parties to subpoena witnesses and call or cross-examine witnesses, including, but not limited to, the person who prepared the presentence report and any person whose information contained in the presentence report is relevant to the sentencing decision. . . . Both parties may be allowed to call witnesses in rebuttal. The rules of evidence shall apply, except that *reliable hearsay*, including, but not limited to, certified copies of convictions or documents, may be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted; provided, that this subsection (b) shall not be construed to authorize the introduction of any evidence secured in violation of the United States or Tennessee constitutions.

T.C.A. § 40-35-209 (emphasis added)

As stated, reliable hearsay may be admitted if the opposing party is given the fair opportunity to rebut it. *Id.* The opportunity to rebut hearsay evidence lessens the potential for unreliability. *See e.g., State v. Bud Cash, Jr.*, No. 286, 1992 WL 13905, at *12 (Tenn. Crim. App., Knoxville, Jan. 30, 1992) (stating "Ordinarily, character letters written on behalf of the defendant should be given due consideration similar to that of other hearsay information submitted through a presentence report.), *perm. app. denied* (Tenn. May 4, 1992).

The mitigation expert's testimony was compelling, her research thorough, and some of her report contained reliable hearsay. Her report contradicted some of the key

findings made by the trial court during sentencing to support the imposition of an effective sentence of 133 years, which was later modified by this court to 102 years.

Similarly, the evidence presented at the post-conviction hearing calls into question the trial court's finding that the Petitioner was a "dangerous offender." When the trial court originally sentenced the Petitioner he found:

"Anyone [sic] who would get two armed men with automatic rifles and descend upon a person's house, after having already left, and then come back, [with] fully loaded weapons . . . has no regard for human life and no hesitation about committing a crime in which the risk to human life is high."

The court then found that extended confinement was necessary to protect the public from the Petitioner's "unwillingness to lead a productive life and his resort to criminal activity in furtherance of an anti-social lifestyle."

At the post-conviction hearing, the Petitioner presented multiple witnesses who said that they would have testified at sentencing had they been called by Counsel. One of these witnesses was the Petitioner's co-defendant, Mr. Leslie Franklin. Some of these witnesses testified that the Petitioner had been employed and had a good work ethic; others testified that the Petitioner was a peace maker and had never been known to be violent. Still other witnesses testified that the Petitioner was a good person, very helpful, and kind. The Petitioner's co-defendant, Mr. Franklin, testified that a third party called Mr. Franklin and asked if he could arrange for the Petitioner and Mr. Taylor to meet. The Petitioner never asked Mr. Franklin for help that day. Mr. Franklin brought the Petitioner, who was unarmed, to the location to peacefully defuse the situation. Mr. Taylor shot at them upon their arrival, and Mr. Franklin, who had a gun, shot back. The Petitioner never possessed or fired a weapon. This evidence directly contradicts the trial court's findings, and I can only conclude that Counsel was ineffective for failing to give the trial court the benefit of this evidence at sentencing.

I believe that the evidence from these witnesses and the mitigation expert is compelling enough that Counsel's failure to present this evidence at sentencing constitutes ineffective representation that prejudiced the Petitioner. I respectfully disagree with the majority's reliance on the post-conviction court's conclusion that it simply would not have mattered had the additional sentencing evidence been presented because the trial court would not have changed its sentencing decision. This retrospective analysis places the post-conviction court in the unenviable position of being forced to determine whether its decision would have been different had all the evidence been presented at the proper time.

In my view, whether a petitioner is prejudiced by a counsel's failure should instead be assessed based upon whether there is a reasonable probability that a sentencer, viewing the evidence in its entirety at the time of sentencing, would have been influenced by the mitigation evidence. Factors of significance in this determination should be, *inter alia*: (1) the nature and extent of the mitigating evidence that was available but not presented; (2) whether substantially similar mitigating evidence was presented during the guilt phase of the proceedings. *See and compare Nichols v. State*, 90 S.W.3d 576, 598 (Tenn. 2002) (discussing a petitioner's challenge to a sentence of death based upon counsel's failure to present mitigating evidence at trial). Any other standard is unfair. Using the aforementioned factors, I believe that the Petitioner was prejudiced by Counsel's failure to present the readily available mitigating evidence and there was no similar evidence presented during the guilt phase of the proceedings.

While I have the utmost respect for the trial judge involved herein as a fair and impartial trier of fact, I believe that this case should be reversed and remanded for a new sentencing hearing by a different trial judge, who would hear the sentencing evidence in its entirety and sentence the Petitioner accordingly.

_____
ROBERT W. WEDEMEYER, JUDGE

4